PEOPLE v STANLEY WILLIAMS

Docket No. 66546. Submitted September 8, 1983, at Lansing.—Decided October 11, 1983.

Stanley E. Williams pled guilty but mentally ill to a charge of armed robbery in Calhoun Circuit Court and was sentenced, Paul Nicolich, J. Defendant appealed. *Held:*

1. The trial court was not required to make a specific finding of insanity where that issue was never raised by defendant in compliance with the statute governing defenses of insanity.

2. Defendant's contention that the trial court erred in accepting his plea of guilty but mentally ill in the absence of reports required by the statute governing defenses of insanity is without merit. Defendant never filed a notice of his intention to assert the defense of insanity, therefore the provisions of the statute are inapplicable. Defendant's plea was properly accepted.

Affirmed.

1. Criminal Law — Guilty Pleas — Guilty But Mentally Ill — Insanity.

A trial court is not required to make a specific finding that a defendant was not insane when accepting the defendant's plea of guilty but mentally ill where the issue of insanity was never raised by the defendant in compliance with the statute governing defenses of insanity (MCL 768.20a; MSA 28.1043[1]).

2. Criminal Law — Guilty Pleas — Guilty But Mentally Ill — Insanity.

A trial court did not err in accepting a defendant's plea of guilty but mentally ill in the absence of reports required by the statute governing defenses of insanity where the defendant never filed a notice of his intention to assert the defense of insanity pursuant to the statute (MCL 768.20a; MSA 28.1043[1]).

Reference for Points in Headnotes

[1, 2] 21 Am Jur 2d, Criminal Law §§ 70, 129.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Conrad J. Sindt,* Prosecuting Attorney, and *Michael J. Berezowsky,* Assistant Prosecuting Attorney, for the people.

*James D. Norlander,* for defendant on appeal.

Before: D. E. HOLBROOK, JR., P.J., and R. B. BURNS and ALLEN, JJ.

PER CURIAM. Defendant pled guilty to armed robbery, MCL 750.529; MSA 28.797, but mentally ill. Thereafter sentenced to 9 to 15 years imprisonment, defendant appeals as of right.

Defendant first claims that, in accepting his plea of guilty but mentally ill, the trial court was required to make a specific finding that he was not insane. We disagree. We hold that the trial court was not required to make a specific finding of insanity where that issue was never raised by defendant in compliance with MCL 768.20a; MSA 28.1043(1).

Second, defendant claims the trial court erred in accepting his plea of guilty but mentally ill in the absence of reports required by MCL 768.20a; MSA 28.1043(1). Defendant's claim is without merit. Defendant never filed a notice of his intention to assert the defense of insanity pursuant to § 20a. Therefore, the provisions of § 20a are inapplicable herein. Defendant's reliance on MCL 768.36; MSA 28.1059 is misplaced since said statute is confined to the situation where "the defendant asserts a defense of insanity in compliance with section 20a". We hold defendant's plea was properly accepted.

Affirmed.