PEOPLE v WILSHER

Docket No. 115361. Submitted February 15, 1990, at Detroit. Decided April 2, 1990. Leave to appeal applied for.

John K. Wilsher pled nolo contendere but mentally ill in the Recorder's Court for the City of Detroit to two counts of first-degree criminal sexual conduct. The trial court, Isidore B. Torres, J., sentenced him to eight to sixteen years imprisonment. Defendant appealed.

The Court of Appeals *held:*

1. The trial court did not err in accepting defendant's plea of nolo contendere but mentally ill. However, the case must be remanded for entry of a new judgment reflecting that defendant was convicted by a nolo contendere plea instead of a plea of guilty, as was indicated in the original judgment.

2. The trial court sufficiently advised defendant of his constitutional rights prior to accepting his plea.

3. The trial court did consider a report on defendant by the Recorder's Court Psychiatric Clinic and did not err in accepting the opinion contained in another expert report prepared on behalf of defendant. The trial court properly considered the issue whether defendant was mentally ill at the time of the offense on the basis of the written reports submitted as evidence by the parties.

4. The report submitted by defendant's expert provided a sufficient factual basis for the trial court to find that defendant was mentally ill at the time the offenses were committed.

Affirmed and remanded.

1. Criminal Law — Nolo Contendere But Mentally Ill Pleas.

A plea of nolo contendere but mentally ill is not prohibited by the statute providing for the plea of guilty but mentally ill (MCL 768.36[2]; MSA 28.1059[2]).

2. Criminal Law — Guilty Pleas — Nolo Contendere Pleas — Waiver of Rights.

An imprecise recital of the rights waived by pleading guilty or

References

Am Jur 2d, Criminal Law §§ 469, 471, 492-495.

"Guilty but mentally ill" statutes: validity and construction. 71 ALR4th 702.

nolo contendere does not mandate reversal where the trial court's advice as a whole adequately informs the defendant that he is waiving his rights to trial or the presumption of innocence (MCR 6.302[B][3][d]).

3. CRIMINAL LAW — GUILTY BUT MENTALLY ILL PLEAS.

A trial court must examine the psychiatric evaluations prepared on the defendant and hold a hearing to determine whether the defendant was mentally ill at the time the crime was committed before accepting a plea of guilty but mentally ill under MCL 768.36(2); MSA 28.1059(2); the court may accept a plea under § 36(2), even though no hearing is held, where the parties, by stipulation, have waived strict compliance with the provisions of the statute; hearings on submitted evidence, as opposed to live testimony, are permissible under § 36(2) (MCL 768.20a, 768.36[2]; MSA 28.1043[1], 28.1059[2]).

*Frank J. Kelley,* Attorney General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training and Appeals, and *Brian D. Marzec,* Assistant Prosecuting Attorney, for the people.

*Martin W. Bordoley, P.C.* (by *Martin W. Bordoley*), for defendant.

Before: DANHOF, C.J., and BRENNAN and G. S. ALLEN,\* JJ.

BRENNAN, J. Defendant pled nolo contendere but mentally ill to two counts of criminal sexual conduct in the first degree, MCL 750.520b(1); MSA 28.788(2)(1), and was sentenced to concurrent prison terms of eight to sixteen years.

In his appeal, defendant raises four allegations of error. We discuss them as follows.

I

Defendant argues that the trial court erred in

---

\* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

accepting defendant's plea of nolo contendere to the plea of guilty but mentally ill. We disagree. Defendant incorrectly argues that his plea was "nolo contendere to the plea of guilty but mentally ill." It is clear from our review of the plea transcript that the plea offered by defendant and accepted by the trial court was "nolo contendere but mentally ill" to the charged offenses. Therefore, we reject defendant's argument that he tendered a plea to a plea. Moreover, the trial court did not err by accepting defendant's plea of nolo contendere but mentally ill.

MCL 768.36(2); MSA 28.1059(2) provides that "the trial judge, with the approval of the prosecuting attorney, may accept a plea of guilty but mentally ill in lieu of a plea of guilty or a plea of nolo contendere." Although the language of the statute quoted above appears to foreclose the taking of a nolo contendere plea in a case where the defendant suffered from a mental illness at the time the offense was committed, we believe that such a plea is not prohibited by the statute.

In *People v Booth,* 414 Mich 343, 355-356; 324 NW2d 741 (1982), our Supreme Court discussed the nature of a plea of guilty but mentally ill under § 36:

> The guilty but mentally ill statute is broadly addressed to the creation of an altogether different verdict, one which encompasses findings of both criminal responsibility and mental illness. Understandably, the Legislature settled upon the phrase "guilty but mentally ill" to describe this new verdict. That the Legislature also bestowed this appellation upon the plea envisioned by the guilty but mentally ill statute appears to be indicative of a desire for uniformity of phraseology within the confines of the statute. Thus, "guilty but mentally ill" can be viewed as a generic phrase denoting the

result which may be obtained under the statute—an adjudication of criminal responsibility as well as mental illness at the time of the crime.

Our interpretation of the guilty but mentally ill statute is reinforced by the fact that a plea of "guilty but mentally ill" is to be accepted "in lieu of" a plea of guilty or nolo contendere. This language suggests that where questions of mental illness must be determined in addition to the usual question of criminal liability (to which the traditional pleas are solely addressed), the plea established by MCL 768.36(2); MSA 28.1059(2) acts as an addition to the more traditional forms of pleas.

Under the Supreme Court's interpretation, the phrase "guilty but mentally ill," when used in a plea situation, encompasses an adjudication of criminal responsibility and mental illness.

A plea of "nolo contendere," on the other hand, encompasses an adjudication of criminal responsibility for the purposes of the particular case only. The plea cannot be used as a judicial admission in other proceedings. *People v Tomlinson,* 50 Mich App 655, 657; 213 NW2d 803 (1973), lv den 391 Mich 824 (1974).

Where, as in this case, a plea of "nolo contendere but mentally ill" is entered by a defendant who is afforded the safeguards provided by the statute, the result envisioned by the Legislature is achieved: "an adjudication of criminal responsibility as well as mental illness at the time of the crime." *Booth, supra,* p 356. We note that the *Booth* Court appears to recognize that a nolo contendere-type plea may be taken under the statute in certain cases. *Booth, supra,* pp 352-353, n 9. To hold that the statute prohibits a plea of nolo contendere but mentally ill when, as in this case, the statutory safeguards are provided, would exalt form over substance.

We conclude that defendant's plea of nolo contendere but mentally ill was not prohibited by MCL 768.36(2); MSA 28.1059(2).

We do note that the judgment of sentence indicates that defendant was convicted by a plea of guilty, but also indicates under the section marked "Court recommendation" that defendant pled nolo contendere. The judgment appears to conflict with the actual plea and, therefore, we are compelled to remand the case to the trial court with instructions that the trial court enter a new judgment which reflects that defendant was convicted by a nolo contendere plea.

II

Defendant next argues that the plea was taken in violation of former MCR 6.101(F)(1)(c)(iv), now MCR 6.302(B)(3)(d). Defendant contends that the trial court failed to inform defendant that by entering a nolo contendere plea he was giving up his right to have the prosecution prove beyond a reasonable doubt the defendant is guilty, as required by the court rule.

Former MCR 6.101(F)(1)(c)(iv) provides that before accepting defendant's plea the trial court shall inform the defendant that

   (c) if the plea is accepted, the defendant will not have a trial of any kind, so he or she gives up the rights he or she would have at a trial, including the right:

*    *    *

   (iv) to have the prosecutor prove beyond a reasonable doubt that he or she is guilty.

At the plea hearing the trial court outlined for defendant the rights waived by defendant's plea, including:

*Q.* Do you understand that throughout the entire trial process . . . you are innocent until proven guilt [sic] beyond reasonable doubt by competent evidence?

*A.* Yes, sir.

\* \* \*

*Q.* Do you understand that when your plea of Nolo Contendere is accepted you will not have a trial . . . and you give up all the rights which I've advised you that you would have at this trial?

*A.* Yes, sir.

An imprecise recital of the rights waived by pleading guilty does not mandate reversal if the trial court's advice as a whole adequately informs the defendant that he is waiving his rights to trial or the presumption of innocence. *People v Ingram,* 166 Mich App 433, 437; 424 NW2d 19 (1988). The issue is whether the trial court omitted advice on that subject or merely gave an imprecise recital. *Id.*

It appears that defendant was sufficiently advised of his constitutional rights and that by tendering his plea he was giving up those rights. We find no error here.

III

Defendant next argues that the trial court erred by disregarding the findings of the Recorder's Court Psychiatric Clinic in accepting defendant's plea and by not conducting a hearing on the issue of defendant's mental illness. We disagree.

Before accepting a plea under MCL 768.36(2); MSA 28.1059(2), the trial court must examine the psychiatric evaluations prepared on the defendant and must hold a hearing to determine whether the defendant was mentally ill at the time the crime was committed. The trial court may consider the

evaluations of the Center for Forensic Psychiatry and any other independent examiner. MCL 768.20a; MSA 28.1043(1). The reports prepared by the Center for Forensic Psychiatry or any other independent examiner may be admissible upon the stipulation of the prosecution and defense. MCL 768.20a(8); MSA 28.1043(1)(8).

The trial court may properly accept a plea under MCL 768.36(2); MSA 28.1059(2) where the parties, by stipulation, have waived strict compliance with the provisions of the statute. *People v Blue,* 428 Mich 684, 689; 411 NW2d 451 (1987). Although the statute expressly provides that the trial court may not accept a plea until it has conducted a hearing on the issue of defendant's mental illness, the court may enter a plea even though no hearing is held. *Id.*

In the present case, the trial court admitted into evidence without objection the report of the deputy director of the Recorder's Court Psychiatric Clinic and the report prepared on behalf of defendant by Louis Smith, Ph.D., dated September 30, 1988. The trial court indicated that it read the reports in their entirety and was aware of the conflicting opinions held by their respective authors. The trial court accepted the opinion of Dr. Smith and, on the basis of that opinion, found that defendant was mentally ill when the crimes were committed.

The trial court did not err by disregarding the report of the Recorder's Court Psychiatric Clinic. As is the case with every instance involving conflicting evidence, the trial court was free to accept the report which it found to be more credible. Moreover, we find that the trial court's consideration of the issue whether defendant was mentally ill at the time the offenses were committed solely on the basis of the written reports submitted as

evidence by the parties did not violate the hearing requirement contained in the statute. Hearings on submitted evidence, as opposed to live testimony, are permissible under MCL 768.36(2); MSA 28.1059(2).

IV

Lastly, defendant argues that the report submitted by his expert in support of a finding of mental illness, which was relied upon by the trial court in accepting defendant's plea, was insufficient to support the trial court's finding that defendant was mentally ill at the time the crimes were committed. We disagree.

We have carefully reviewed the report filed by defendant's expert, Louis Smith, Ph.D., and conclude that the contents of that report provided a sufficient factual basis for the trial court to find that defendant was mentally ill at the time the offenses were committed. *People v Phil Clark,* 172 Mich App 1, 7; 432 NW2d 173 (1988), lv den 432 Mich 897 (1989).

Defendant's plea-based convictions are affirmed, but we remand this case for proceedings consistent with this opinion. We do not retain jurisdiction.