KONIAK v HERITAGE NEWSPAPERS, INC (ON REMAND)

Docket No. 157866. Submitted October 28, 1992, at Lansing. Decided January 13, 1993; approved for publication March 5, 1993, at 9:00 A.M. Leave to appeal sought.

William C. Koniak brought an action in the Wayne Circuit Court against Heritage Newspapers, Inc., and Jameson Cook after Heritage published in several of its newspapers a series of articles written by Cook in connection with charges against the plaintiff of criminal sexual conduct involving his stepdaughter and criminal assault and battery involving his former wife. The defendants initially reported that information in police reports taken from the stepdaughter and former wife indicated that the plaintiff had allegedly assaulted the girl thirty to fifty times during a 1½-year period. After a preliminary examination during which the girl testified that the plaintiff had assaulted her only eight times, the defendants, in reporting the binding over of the plaintiff, repeated the allegation that the plaintiff had assaulted the girl thirty to fifty times. The plaintiff eventually was acquitted of criminal sexual conduct. Regarding the charge of assault and battery of the former spouse, the defendants published an article that stated that the plaintiff pleaded no contest to the charge and was sentenced to six months' probation. In actuality, the plaintiff tendered a plea of nolo contendere, which was taken under advisement for six months, and the charge was dismissed at the end of that period.

The defendants moved for summary disposition, contending that the alleged defamatory statements were substantially accurate reports of judicial proceedings. The court, J. Phillip Jourdan, J., granted the motion, ruling with regard to the articles about the criminal sexual conduct charge that the gist or sting of those articles was substantially accurate and that the reported number of alleged assaults had little effect on the readers' perception. Concerning the assault and battery article, the court ruled that it was essentially and substantially true and thus not libelous as a matter of law. The plaintiff appealed.

The Court of Appeals, MURPHY, P.J., and SHEPHERD and T. G.

REFERENCES

Am Jur 2d, Libel and Slander §§ 180, 258.
See ALR Index under Libel and Slander.

Kavanagh, JJ., reversed, finding with regard to the criminal sexual conduct charge that the article following the preliminary examination was not reflective of what was contained in the court record, giving rise to questions for the trier of fact concerning the effect of the inaccuracy on the reader and the damage the plaintiff may have sustained. The Court found with regard to the assault and battery charge that the article's inaccuracies altered the complexion of the entire proceeding, arguably leading readers to believe that the plaintiff effectively had pleaded guilty and had been sentenced when in fact he had not. 190 Mich App 516 (1991). The Supreme Court, in lieu of granting leave to appeal, remanded the case to the Court of Appeals for reconsideration in light of *Rouch v Enquirer & News of Battle Creek (After Remand),* 440 Mich 238 (1992). 441 Mich 858 (1992).

On remand, the Court of Appeals *held:*

1. Summary disposition was properly granted with regard to both claims. The substantial truth doctrine applied in *Rouch* also applies in this case.

2. The gist or sting of the article regarding the sexual assault charges was substantially accurate. The inaccurate statements in reporting the charges constitute minor differences that do not support a finding of material falsity.

3. The article regarding the assault and battery plea proceedings did not have a different effect upon the mind of the reader than would the literal truth. A journalist's report need not describe legal proceedings in technically precise language. The article was substantially true, and would not tend to prejudice the plaintiff any more than a similar article using technically precise language describing the literal truth.

Affirmed.

1. Libel and Slander — Newspapers — Substantial Truth.

A claim of libel based on a newspaper article is predicated on whether the article is substantially true; liability should not be imposed for slight inaccuracies; rather, the sting or gist of the article and its effect on the reader should be examined; if the literal truth would produce the same effect, minor differences are immaterial.

2. Libel and Slander — Newspapers — Substantial Truth.

The substantial truth doctrine typically is invoked in a libel action based on a newspaper article where there are minor inaccuracies and technically incorrect or flawed use of legal terminology; although the popular sense of a legal term may not be technically accurate, if technical and common parlance

yield different interpretations of the same word, the constitutionally required breathing space for free and robust debate regarding matters of public concern affords protection of the writer's choice (US Const, Am I).

*Bellanca, Beattie & DeLisle, P.C.* (by *Frank D. Eaman*), for the plaintiff.

*Honigman Miller Schwartz & Cohn* (by *Herschel P. Fink* and *Michael A. Gruskin*), for the defendants.

ON REMAND

Before: MURPHY, P.J., and SHEPHERD and CONNOR, JJ.

PER CURIAM. Pursuant to an order of the Supreme Court, this matter was remanded to us for reconsideration in light of *Rouch v Enquirer & News of Battle Creek (After Remand),* 440 Mich 238; 487 NW2d 205 (1992). 441 Mich 858 (1992). Originally, we reversed the trial court's order granting summary disposition to defendants pursuant to MCR 2.116(C)(10) with regard to both claims in this defamation action. *Koniak v Heritage Newspapers, Inc,* 190 Mich App 516; 476 NW2d 447 (1991). On remand, we affirm the trial court's grant of summary disposition regarding both claims.

After considering the elements of libel under Michigan law in light of the requirements of the First Amendment of the United States Constitution, the Supreme Court in *Rouch* applied the substantial truth doctrine in determining whether the defendant had published a materially false article about a defamation case involving a private plaintiff and a media defendant in a matter of public interest or concern. Under the substantial

truth doctrine, the test to determine material falsity is whether the evidence supports a finding that the "sting" or "gist" of the article would have a different effect upon the mind of the reader than would the literal truth. *Rouch,* p 259. Under the test, minor differences are immaterial if the literal truth produces the same effect. *Id.* The Court noted that the substantial truth doctrine is typically invoked where there are minor inaccuracies and "technically incorrect or flawed use of legal terminology." *Id.,* p 260. Although the popular sense of a legal term may not be technically accurate, the Court stated that "if technical and common parlance yield different interpretations of the same word, the constitutionally required breathing space affords protection of the writer's choice." *Id.,* p 265. To determine whether the plaintiff carried the burden of showing material falsity under the substantial truth doctrine, an independent review of the entire record is conducted. *Id.,* p 258.

In *Rouch,* the Court concluded that the evidence was not sufficient to establish material falsity because the gist or sting of the article was not changed by various "minor inaccuracies," such as the statements that the plaintiff had been identified by his children as the assailant, when in fact it was his former stepchildren who had identified him, and that the plaintiff was arrested and charged with sexual assault, when he was in fact merely arrested. Although the Court conceded that the use of "charge" in its technical formal sense might be considered inaccurate, this misuse could not serve as a basis of liability, because it "would totally eviscerate the 'breathing space' that the constitution requires in order to protect important First Amendment rights." *Id.,* p 268.

Applying the *Rouch* analysis to this case, we

believe that defendants' article stating that plaintiff had allegedly assaulted his stepdaughter thirty to fifty times since the spring of 1985 was close enough to the truth about the nature of the criminal sexual conduct charges to justify summary disposition pursuant to MCR 2.116(C)(10) with regard to that cause of action. Although the record of the preliminary examination revealed that the complainant testified that the plaintiff assaulted her only eight times, we are persuaded that in light of *Rouch* the gist or sting of the article was substantially accurate. As the trial court noted in this case, whether plaintiff assaulted his stepdaughter once, eight times, or thirty times would have little effect on the reader. After an independent review of the entire record, we conclude that defendants are not liable because the inaccurate statements reporting the criminal sexual conduct charges constituted minor differences that do not support a finding of material falsity.

With regard to the article describing the assault and battery plea proceedings, we now believe that summary disposition was properly granted. A plea of nolo contendere (no contest) is an implied confession of guilt and, for purposes of sentencing, is equivalent to a plea of guilty. MCL 767.37; MSA 28.977. The only difference, in theory, between a plea of nolo contendere and a plea of guilty is that, unlike a plea of guilty, a plea of nolo contendere cannot be used in evidence against the defendant as an admission in a subsequent civil or criminal case.

We believe it is logical for a reporter to conclude, and accurate for an article to state, that by pleading nolo contendere to the charge plaintiff was thus "willing to accept the consequences of the conviction." The plaintiff pleaded nolo contendere pursuant to a plea bargain, and by offering

the plea he accepted the bargained-for consequences. The fact that the trial court did not formally accept the plea and place the defendant on six months' probation, but, rather, took the plea under advisement for six months, is a subtle distinction not readily apparent to a layman. We believe this is a typical example of a "technically incorrect or flawed use of legal terminology" that should cause us to invoke the substantial truth doctrine. This was a minor inaccuracy that did not materially alter the gist or sting of the article. Arguably, the defendant pleaded nolo contendere, and was placed on an informal probation, and a special term of the probation was a requirement that there be "no contact between the defendant and the complainant for a period of six months." Presumably the trial court would have accepted the plea and imposed some additional penalty if the defendant had violated the terms of the probation.

The jacket of the criminal file specifically states that plaintiff had pleaded nolo contendere to the assault and battery charge and the trial court's memo, inserted in the file, reflects that the plea was tendered as part of a plea bargain. The court's memo goes on to state that the

> Court reviewed statements and police reports with no objection from defense for purpose of establishing factual basis,—after review by Court plea taken under advisement for a period of six months, if no further charges, dismiss. Bond continued. Appearance required.

The article was written immediately after the judge issued his ruling, and before the six-month period had expired. We believe the memo is ambiguous and a reporter might conclude that *defendant* would be dismissed if there were no further

charges, and not realize that the *offense* itself would be dismissed.

In short, we cannot say that the article had a different effect upon the mind of the reader than would the literal truth. A journalist's report need not describe legal proceedings in technically precise language. This article was substantially true, and would not tend to prejudice the plaintiff any more than a similar article using technically precise language describing the literal truth.

Affirmed.