*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NAYIR MASRUR,

        Plaintiff-Appellee,

v

REGENTS OF THE UNIVERSITY OF
MICHIGAN, d/b/a UNIVERSITY OF MICHIGAN
HEALTH SYSTEM and C.S. MOTT CHILDREN'S
HOSPITAL, STACEY NOEL, M.D., and EMILY
MATHIAS, M.D.,

        Defendants-Appellants.

FOR PUBLICATION
November 10, 2022
9:10 a.m.

No. 356858
Court of Claims
LC No. 2020-000194-MH

Before: RIORDAN, P.J., and BOONSTRA and GADOLA, JJ.

BOONSTRA, J.

In this interlocutory appeal by leave granted,[1] defendants challenge the trial court's order denying their motion for summary disposition, as well as their motion for reconsideration of that denial. We reverse and remand for entry of an order granting summary disposition in favor of defendants.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

The pertinent and tragic facts of this case are not disputed. In November 2018, emergency responders brought plaintiff to the emergency room of defendant C.S. Mott Children's Hospital.[2] Emergency room staff noted that plaintiff was aggressive and combative, and that he was unable

---

[1] *Masrur v Regents of Univ of Mich*, unpublished order of the Court of Appeals, entered August 17, 2021 (Docket No. 356858).

[2] Despite the name of the facility, its emergency department provides care for "children and young adults with medical problems that cannot wait to be seen by their regular doctor." See https://www.mottchildren.org/conditions-treatments/ped-emergency-service (last accessed October 28, 2022). Plaintiff was 20 years old in November 2018.

to answer questions coherently. Plaintiff was preliminarily diagnosed as reacting to a drug overdose, and was restrained and monitored for several hours. Plaintiff was released into his parents' care late that evening and spent the night at a relative's home. The following day, plaintiff climbed out of a window and left the home. Plaintiff's family members began searching the area for him. Plaintiff's aunt eventually found plaintiff in the basement of his parents' house. Plaintiff attacked and beat his aunt to death with a barbell.

Plaintiff was arrested and charged with open murder. He entered a plea of "guilty but mentally ill" to the charge of voluntary manslaughter on June 1, 2020,[3] and was sentenced on September 9, 2020 to a prison term of 18 months to 15 years.

On September 23, 2020, plaintiff filed a medical malpractice complaint, alleging that defendants or their agents had failed to properly diagnose and treat his acute psychosis, had negligently diagnosed plaintiff as being under the influence of "party drugs," and had negligently discharged plaintiff, causing his aunt's death and plaintiff's subsequent arrest and incarceration. Plaintiff subsequently filed an amended complaint on December 17, 2020. Neither complaint contained any reference to plaintiff's criminal plea or sentencing; rather, both complaints alleged that plaintiff had been arrested, charged with open murder, and was "currently housed in the Oakland County Jail." Plaintiff's complaints also alleged that plaintiff had been psychiatrically evaluated and found to have been legally insane at the time he killed his aunt.

In December 2020, in lieu of answering plaintiff's complaint, defendants moved for summary disposition under MCR 2.116(C)(8), arguing that plaintiff had failed to state a claim on which relief could be granted. Defendants argued that plaintiff's claims were barred by the "wrongful-conduct rule," which prohibits recovery when damages are based on a plaintiff's own immoral or illegal conduct; defendants additionally argued that plaintiff had failed to establish proximate cause. In January 2021, plaintiff responded to defendants' motion, arguing that the "insanity exception" to the wrongful-conduct rule applied in his case. In his response, plaintiff repeatedly stated that he "was in an acute psychotic state at all relevant times and lacked the requisite *mens rea* for criminal liability"; he additionally stated in relevant part:

> Defendant accurately quotes from wrongful conduct rule precedent. However, this precedent is inapplicable because Plaintiff is not endeavoring to "shift the responsibility for **his crime** to defendant." *Glazier v Lee*, 171 Mich App 216, 221; 429 NW2d 857 (1988). [Emphasis by plaintiff.] The plaintiff in *Glazier* was convicted of voluntary manslaughter. *Id.* at 217. Here, by contrast, *Plaintiff Nayir Masrur has been convicted of no crime related to the events of this case (and will be convicted of no crime related to the events of this case* because was [sic] in an acute psychotic state at all relevant times and lacked the requisite *mens rea* for his actions to be immoral or criminally culpable). . . . [H]ere *Plaintiff's First Amended Complaint alleges no criminal responsibility has been (or will be) found by the Oakland County Circuit Court.* [Emphasis added.]

---

[3] By stipulated order entered on March 4, 2021, the judgment of sentence was later amended *nunc pro tunc* to reflect a plea of "*nolo contendere* but mentally ill."

Plaintiff also argued that his actions "were not criminal and were not an intervening superseding cause breaking the chain of causation." Plaintiff repeatedly referred to his conduct as "non-criminal."

The trial court denied defendants' motion for summary disposition, holding that plaintiff's "allegations of legal insanity at the time of his actions are enough to preclude, at least at this juncture, application of the wrongful-conduct rule." The trial court, in discussing *Glazier*, 171 Mich at 217-221, noted that, in that case, the plaintiff's claim was barred by the wrongful-conduct rule because he was found to be criminally responsible for his conduct by virtue of his conviction of voluntary manslaughter. The trial court noted that, in this case, plaintiff had alleged that he was not responsible for his conduct due to legal insanity.

Defendants moved for reconsideration, arguing that plaintiff had misled the trial court. Defendants stated that they had recently learned that plaintiff had pleaded "guilty but mentally ill" to voluntary manslaughter, and that the plea and sentence had been entered before plaintiff filed his original medical malpractice complaint. Plaintiff responded, asserting that the statements in the complaint were true and accurate when plaintiff's counsel had signed the original complaint on September 11, 2021. Plaintiff additionally noted that after defendants filed their motion for reconsideration, the judgment of sentence in plaintiff's criminal case was amended *nunc pro tunc* by stipulated order to change the conviction of "guilty but mentally ill" to "*nolo contendere* but mentally ill." Plaintiff argued that his plea of *nolo contendere* could not be used as an admission of criminal responsibility in a civil proceeding, and that plaintiff's counsel was unaware of the plea when he filed plaintiff's response to defendants' motion for summary disposition.

The trial court denied defendants' motion for reconsideration, holding that, under MCR 2.116(C)(8), it was required to accept all factual allegations in plaintiff's complaint as true, and therefore "while the nolo contendere plea may be used as evidence against plaintiff in this matter, it is neither dispositive evidence nor does it compel the Court to enter summary disposition in defendants' favor under subrule (C)(8)." This appeal followed.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision to grant or deny summary disposition under MCR 2.116(C)(8). *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

> A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint. All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant. A motion under MCR 2.116(C)(8) may be granted only where the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery. When deciding a motion brought under this section, a court considers only the pleadings. [*Id.* at 119.]

Mere conclusory statements and statements of the pleader's conclusions of law are insufficient to state a cause of action. *Varela v Spanski*, 329 Mich App 58, 72; 941 NW2d 60 (2019); *ETT Ambulance Serv Corp v Rockford Ambulance, Inc*, 204 Mich App 392, 395; 516 NW2d 498 (1994).

We review for an abuse of discretion a trial court's decision on a motion for reconsideration. *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 629; 750 NW2d 228 (2008).

> Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted. The moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error. [MCR 2.119(F)(3).]

A trial court necessarily abuses its discretion when it makes an error of law. *PF v JF*, 336 Mich App 118, 126; 969 NW2d 805 (2021).

## III. ANALYSIS

Defendants argue that the trial court erred by failing to grant their motion for summary disposition, because plaintiff's *nolo contendere* but mentally ill plea conclusively established that plaintiff could not invoke the insanity exception to the wrongful-conduct rule. We agree to the extent that defendants argue that the trial court should have granted summary disposition to defendants in the context of their motion for reconsideration.

The wrongful-conduct rule "bars a claim if a plaintiff must rely on his or her own conduct for recovery." *Varela*, 329 Mich App at 73. In other words, the rule will bar recovery if "(1) 'the plaintiff's conduct [is] prohibited or almost entirely prohibited under a penal or criminal statute,' (2) 'a sufficient causal nexus . . . exist[s] between the plaintiff's illegal conduct and the plaintiff's asserted damages,' and (3) the defendant's culpability is not greater than the plaintiff's culpability." *Id.*, quoting *Orzel v Scott Drug Co*, 449 Mich 550, 558-559; 537 NW2d 208 (1995). However, an exception to the rule appears to exist, under which a plaintiff may, under some circumstances, pursue a cause of action based on an illegal act committed while the plaintiff was legally insane. *Orzel*, 449 Mich at 566, but see *Lingle v Berrien Co*, 206 Mich App 528, 529; 522 NW2d 641 (1994) (affirming the trial court's grant of the defendants' motion for summary disposition under MCR 2.116(C)(8) despite noting that the plaintiff was found not guilty by reason of insanity in a presumably-related criminal case).[4]

In this case, the trial court found that the conduct upon which plaintiff based his claim for recovery was plaintiff's killing of his aunt; additionally, the trial court found that there was a causal nexus between the illegal conduct and plaintiff's asserted damages. Moreover, if plaintiff were held criminal responsible for his conduct, his culpability would surely be greater than that of defendants; there is no evidence that anyone has sought to hold defendants criminally responsible for the death of plaintiff's aunt. Therefore, the trial court correctly held that the wrongful-conduct rule would bar plaintiff's recovery if it were established that plaintiff was criminally responsible for his aunt's homicide.

---

[4] As noted by the trial court, *Lingle* is very terse and provides little guidance in determining the rationale behind the Court's decision beyond its bare citation of the wrongful-conduct rule itself.

In opposing defendants' motion for summary disposition, plaintiff affirmatively represented that he had not been found criminally responsible for his aunt's death, and that he would not be found criminally responsible at any point in the future, by virtue of his alleged legal insanity. This argument was made in furtherance of the factual assertions and clear implications of plaintiff's complaints that he had not been adjudicated to be criminally responsible and that he would not be convicted by virtue of his evaluation as legally insane. While assertions of plaintiff's legal insanity and the impossibility of plaintiff ever being held criminally responsible for his conduct are statements of legal conclusions, *Varela*, 329 Mich App at 72, allegations (whether made explicitly or by implication) that plaintiff had not yet been determined to be criminally responsible and had been determined to be legally insane by psychological evaluators, were assertions of fact that, taken as true, supported the trial court's initial denial of defendants' summary disposition motion under MCR 2.116(C)(8). If plaintiff's criminal responsibility had not yet been established and there was a possibility that he would be found not culpable for his conduct by virtue of legal insanity, then it could not have been said at that time that the wrongful-conduct rule did not apply as a matter of law, and that no factual development could possibly justify recovery. *Maiden*, 461 Mich at 118.

However, as was made clear by the time the trial court issued its opinion on reconsideration, plaintiff's allegations concerning his legal insanity and the claimed lack of a determination of his criminal responsibility were not just unproven factual allegations or allegations in need of further factual development; they were blatantly false. They were false at the time plaintiff filed his original complaint, when he filed his amended complaint, and when he filed his response to defendants' motion for reconsideration. Plaintiff entered a plea of guilty but mentally ill in June 2020 (later amended *nunc pro tunc* to *nolo contendere* but mentally ill), more than three months before he filed his medical malpractice suit.

When a trial court accepts a plea of "guilty but mentally ill" in a criminal proceeding, that plea is "an adjudication of criminal responsibility as well as mental illness at the time of the crime." *People v Wilsher*, 183 Mich App 138, 141; 454 NW2d 178 (1990); a finding of "guilty but mentally ill" requires the fact-finder to find that a defendant is mentally ill, but *not* legally insane. *People v Stephan*, 241 Mich App 482, 491; 616 NW2d 188 (2000); see also MCL 768.36(1)(a). Before accepting a plea of guilty but mentally ill, a trial court must, in addition to the usual findings, find by a preponderance of the evidence that the criminal defendant was mentally ill at the time of the offense. MCL 768.36(2). "[J]ust as a finding of no insanity is essential for an adjudication of guilty by trial" such a finding is "equally essential for a plea of guilty [but mentally ill]." *People v Fultz*, 111 Mich App 587, 590-591; 314 NW2d 702 (1981); but see *People v Williams*, 129 Mich App 648; 341 NW2d 854 (1983) (holding that the trial court was not required to make an explicit finding that the defendant was not insane when defendant never asserted the defense of legal insanity).

A validly-accepted plea of guilty but mentally ill, therefore, constitutes an adjudication of criminal responsibility, a finding of mental illness, and an at-least-implicit finding that the criminal defendant was not legally insane at the time of the offense. As an adjudication of criminal responsibility, a guilty-but-mentally-ill-based conviction may be punished in the same manner as any other conviction for a particular offense (although the defendant is to be provided with psychiatrically-indicated treatment). See MCL 768.36(3).

A plea of *nolo contendere* but mentally ill is also "an implied confession of guilt" that is generally equivalent to a guilty plea, except that "a plea of *nolo contendere* cannot be used in evidence against the defendant as an admission in a subsequent civil or criminal case." *Koniak v Heritage Newspapers, Inc*, 198 Mich App 577, 581; 499 NW2d 346 (1993); see also *Wilsher*, 183 Mich App at 141. However, "evidence of a *nolo contendere* plea to a criminal charge may be admitted in a civil proceeding to support a defense against a claim asserted by the person who entered the plea." MRE 410(2). In other words, if a person who entered a *nolo contendere* plea to a criminal charge then files a civil lawsuit, the defendant in the civil suit may use evidence of the now-plaintiff's *nolo contendere* plea as a defense. See *Akyan v Auto Club Ins Ass'n* (*On Rehearing*)*,* 208 Mich App 271, 274; 527 NW2d 63 (1994).

Applying the above principles to this case, plaintiff's plea in his criminal proceeding—which constituted an adjudication of criminal responsibility—was admissible against him in this proceeding. An adjudication of criminal responsibility precludes the application of the insanity exception to the wrongful-conduct rule. Consideration of plaintiff's plea would therefore bar plaintiff's claim in this case as a matter of law under MCR 2.116(C)(10).

We appreciate, of course, that the trial court was presented with a motion for summary disposition under MCR 2.116(C)(8). However, in this case the import of plaintiff's adjudication of criminal responsibility goes beyond that of a mere evidentiary issue. Plaintiff's complaints contained indisputably false statements and implications of material fact. Not knowing of those falsities at the time, the trial court properly felt compelled to accept the allegations as true, at that stage of the proceedings, under MCR 2.116(C)(8).

We also recognize that, in considering defendant's motion for reconsideration, the trial court—now knowing of the falsities of plaintiff's allegations—may also have felt constrained by our Supreme Court's recitation in *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019), that "a trial court must accept all factual allegations as true, deciding the motion [under MCR 2.116(C)(8)] on the pleadings alone." *Id*. However, there is a long-standing body of caselaw, both in the Supreme Court and in this Court, providing that in assessing a motion for summary disposition under MCR 2.116(C)(8), a trial court must accept all "*well-pleaded* factual allegations" as true. See, e.g., *Maiden*, 461 Mich at 119. Plaintiff acknowledges this standard of review in his brief on appeal. We do not believe that *El-Khalil* announced a change to our long-standing jurisprudence regarding (C)(8) motions. See *Pohutski v City of Allen Park*, 465 Mich 675, 693; 641 NW2d 219 (2002) (noting that the Supreme Court "does not lightly overrule precedent"). Given the undisputed, now-conceded, and indisputable fact that plaintiff had entered a plea of guilty but mentally ill (later changed to *nolo contendere* but mentally ill) to the charge of voluntary manslaughter regarding the death of his aunt, and that the trial court had accepted his plea before the filing of plaintiff's initial complaint, we conclude that material allegations of plaintiff's complaint were not "well-pleaded." If plaintiff's medical malpractice complaint had contained (rather than withheld) the facts that are now conceded, i.e., that plaintiff had entered a plea of guilty (or *nolo contendere*) but mentally ill and that the trial court had accepted his plea, criminal responsibility would have been indisputably established as a matter of law notwithstanding plaintiff's later assertions—in contradiction of his own plea—of a lack of criminal responsibility due to legal insanity, and no further factual development could possibly have justified recovery. *Maiden*, 461 Mich at 118; *Glazier*, 171 Mich at 221.

In light of the false allegations and implications (and the absence of materially truthful and correct allegations) in plaintiff's original and amended complaints, and the extensive repetition of those assertions in responding to defendants' motion for summary disposition, we conclude that there was a palpable error by which the court and the parties were misled. MCR 2.119(F)(3). Further, we conclude that the trial court committed an error of law when it held on reconsideration that evidence of plaintiff's *nolo contendere* plea was "neither dispositive evidence nor does it compel the Court to enter summary disposition in defendants' favor under subrule (C)(8)." As discussed, plaintiff's plea—the fact of which plaintiff now concedes—precludes a finding that he was not legally responsible for his aunt's homicide, or a finding that he was legally insane at the time he committed it. Without such a finding, the conduct upon which plaintiff's claim for recovery is based was felonious criminal conduct for which he was criminally responsible; in other words, his "illegal act is the source of both the civil right and plaintiff's criminal responsibility." *Varela*, 329 Mich App at 73; *Glazier*, 171 Mich at 221. This conduct bars plaintiff's recovery under the wrongful-conduct rule as a matter of law. *Id.* The trial court committed an error of law in holding otherwise, and therefore abused its discretion by denying defendant's motion for reconsideration. *PF*, 336 Mich App at 126. A different disposition of defendants' MCR 2.116(C)(8) motion must result from correction of the error. MCR 2.119(F)(3).

We reverse the trial court's order denying defendants' motion for reconsideration, and therefore reverse its order denying defendants' motion for summary disposition, and remand for entry of an order granting summary disposition in favor of defendants. We do not retain jurisdiction. As the prevailing parties, defendants may tax costs. MCR 7.219(A)(1); MCL 600.6449(2).

/s/ Mark T. Boonstra
/s/ Michael J. Riordan
/s/ Michael F. Gadola